UNITED STATES of America, Appellee,

v.

Lowell M. BIRRELL, Appellant.

No. 111, Docket 32498.

United States Court of Appeals Second Circuit.

Argued Sept. 9, 1968.

Decided Sept. 10, 1968.

See also 2 Cir., 399 F.2d 343.

Stephen F. Williams, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, on the brief), for appellee.

Charles Nelson Brower, New York City, for appellant.

Before LUMBARD, Chief Judge, and SMITH and ANDERSON, Circuit Judges.

### PER CURIAM:

The defendant Lowell M. Birrell appeals from an order of Judge Herlands which denied him bail after his conviction by a jury on December 28, 1967, on eleven counts of securities fraud. Since then Birrell has been in jail, although he has not yet been sentenced, pending the outcome of hearings on whether the conviction rests on evidence tainted by a seizure of documents in 1957 which Judge Wyatt found to be illegal, 242 F. Supp. 191 (SDNY 1965). Altogether Birrell has been incarcerated for almost two years, as he was jailed for a period of fifteen months upon his return to the United States in April 1964 after an absence of six and one half years, the purpose of which absence obviously was to avoid federal justice. The first period of confinement ended when Birrell made bail of $15,000 in July 1965. Thereafter he was in attendance until remanded upon his conviction.

Although the government was ready to begin hearings on the allegations of tainted evidence immediately after the conviction on December 28, 1967, the Court was obligated to relieve counsel who had been assigned to represent Birrell during preparation of defense and trial, and to assign the Legal Aid Society as new counsel. This necessarily required some delay which seems to have been further and needlessly compounded by Birrell's intransigent attitude toward his counsel and the district court.

However responsible Birrell may be for any delays which postpone a ruling on his claims, and, of course, the imposition of sentence if the conviction is to stand, we can find no justification for denial of bail which has the result of requiring him to serve a sentence not yet imposed and which may never be meted out.

Doubtless the district court thought that deferring a hearing on the claims of tainted evidence until after the trial might result in a saving of time, United States v. Birrell, 269 F.Supp. 716 (SDNY 1967). But it now appears that what might have been done forthwith and speedily, is now protracted and delayed by intervening events and strategies arising from the changed situation of new counsel and the verdict of a jury.

We reverse the order of the district court and direct that Birrell be admitted to bail in the sum of $30,000.